```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

**JESSE WAYNE DIXON,**             :

    **Plaintiff,**                 :

vs.                                :    CIVIL ACTION 12-0041-CB-M

**ROBERT BENTLEY,** *et al.*,      :

    **Defendants.**                :

<u>ORDER</u>

This action is before the Court on Plaintiff's "Constitutional Violation Complaint Incorporating Motion to Enroll at a Class Action Lawsuit" (Doc. 6), construed as a motion for class certification.  After consideration, the motion is **DENIED**.

The party moving for class certification must satisfy the four elements for a class action contained in Rule 23(a) of the Federal Rules of Civil Procedure.  *Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir. 1984).  Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"These requirements are commonly referred to as the prerequisites of numerosity, commonality, typicality, and adequacy of representation. . . ." *Franze v. Equitable Assurance,* 296 F.3d 1250, 1253 (11th Cir. 2002) (quotation marks and citations omitted). All four elements must be satisfied in addition to one of the subparts of Rule 23(b). *Kirkpatrick v. J. C. Bradford & Co.,* 827 F.2d 718, 721 n.2 (11th Cir.), *cert. denied,* 485 U.S. 959 (1988).

It is unclear to the Court if Plaintiff is asserting that the class is made up of all inmates in the custody of the Alabama Department of Corrections or just those in the Baldwin County Jail. The Court notes that plaintiff is no longer in the Baldwin county Jail but is now at Mt. Meigs. In any event, Plaintiff has not addressed in his motion any of the four elements necessary for the granting of a class action. In addition, inasmuch as counsel for the class has not been identified, the Court deduces that plaintiff intends to represent the class. However, the Court observes that ordinarily a *pro se* litigant does not have the legal training and experience required to protect the interests of the class. *Cotner v. Knight,* 61 F.3d 915, 1995 WL 441408, at *15 (10th Cir.

2

1995) (unpublished).[1]  And the Court in a § 1983 action is not under a duty to cure the lack of legal training by appointing counsel because appointment of counsel is not mandated by the Constitution in a civil case.  *Howard v. Dougan,* 221 F.3d 1334, 2000 WL 876770, at *1 (6th Cir.) (unpublished), *cert. denied,* 532 U.S. 948 (2001).  Even though plaintiff's qualifications and experience are not before the Court, the Court is, nonetheless, of the opinion that plaintiff is not an exception to the general rule based on the pleadings that the Court has reviewed.  *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (ruling that a *pro se* prisoner's competence is too limited to represent the interests of others).  Accordingly, plaintiff's motion for class certification is **DENIED.**

    **DONE** this 4th day of April, 2012.

                                       s/BERT. W. MILLING, JR.
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).