IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSE WAYNE DIXON, #209012,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 12-0041-CB-M

ROBERT BENTLEY, et al.,  :

    Defendants.  :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Complaint. (Doc. 4).**[1]

Plaintiff filed a complaint against Alabama Governor Robert Bentley, Rochelle Harvelle and Chris Frank.  (Doc. 4 at 4).[2] The

---

[1] The complaint before the Court is a superseding amended complaint, which Plaintiff was ordered to file because his original complaint was not on this Court's forms. (Doc. 3).

allegations against them that convey factual information are few, and the factual information conveyed is brief and conclusory. (Id. at 3-4).

Plaintiff's main factual allegations are set out below:

> The prison system is drastically overcrowding (sic) with its inmates population at 190 percent designed capacity (sic) exceeding California's already declared unconstitutional violated my right (sic) under 6th Amendment cruel and unusual punishment overcrowding by 15 percent (sic). Robert Bentley was under oath when this statement was made. Federal case law has long held that overcrowding prisons constitutional subjected to overcrowding operating (sic) at 175 percent of designed capacity. The Plaintiff pray on this to be granted and to be released (sic).

(Id. at 3). Plaintiff also claims that Defendant Governor Bentley, identified also as Senator Bentley, "stated under oath that this overcrowding was unconstitutional fact and wrote it in the newspaper while under oath (sic)." (Id. at 4). Plaintiff

---

[2] In Plaintiff's original complaint, he also names as Defendants, the State of Alabama and the Baldwin County Corrections Center. (Doc. 1). Additionally, in Plaintiff's original complaint, he alleges an excessive force claim against Officer Washborn and Officer Thompson. (Id.). In its February 27, 2012 Order, this Court ordered Plaintiff to refile his complaint on this Court's forms and cautioned Plaintiff that he should not rely on his prior complaint but that the "new complaint will supersede the prior complaint." (Doc. 3 at 1). In Plaintiff's amended, superseding complaint, he does not list the State of Alabama or the Baldwin County Corrections Center as Defendants, nor does he assert a claim against Officers Washborn and Thompson. (Doc. 4). Plaintiff has apparently elected not to pursue claims against the State of Alabama, the Baldwin County Corrections Center, and Officers Washborn and Thompson.

identifies Defendant Rochelle Harvelle as a Baldwin County officer "over the sex offenders" and states that "[s]he a racial and have violate my rights to be free (sic)." (Id.). The only additional allegation Plaintiff makes with regard to Defendant Harvelle is that "[t]here was no proof that I wasn't living at the address to where I was release to from the Baldwin County Jail. They did prove me to be live any where else at all. Why?" (Id.). As to Defendant Chris Frank, Plaintiff makes no allegations. (Id. at 4).

These claims apparently arose during Plaintiff's incarceration at the Baldwin County Corrections Center.[3] (Id. at 3). For relief, Plaintiff requests to be released, to receive monetary damages in the amount of $300,000,000, and for the Court to order DNA testing to help Plaintiff "clear [his] name." (Id. at 3, 6).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[3] Plaintiff is now incarcerated at Kilby Correctional Facility. (Doc. 7).

A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist.[4]  Id. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557 (second brackets in original). The court will treat these factual allegations as true.  Iqbal, 556 U.S. at 678.  However, the court will not accept as true "[c]onclusory allegations,

---

[4] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id.

4

unwarranted deductions of facts[,] legal conclusions masquerading as facts," Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004), or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]"  Iqbal, 556 U.S. at 678.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662 (2009).  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

In screening Plaintiff's complaint, the Court finds that the factual content of his allegations is insufficient.

5

Plaintiff's factual allegations are in the nature of "an unadorned the-defendant-unlawfully-harmed-me accusation[,]" which is not acceptable.  Iqbal, 556 U.S. at 678.

**A. Overcrowding Claim**

Plaintiff is basically alleging that the Baldwin County Corrections Center is overcrowded, but offers no specific facts to support this generalized, conclusory allegation.  Plaintiff offers no facts to the Court concerning any conditions of confinement under which he was incarcerated while at the Baldwin County Corrections Center.  His general, conclusory allegations are not a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557 (second brackets in original).

In order to state a claim under § 1983, there must be a violation of a right arising under the Constitution or federal law.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); see Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (the federal pretrial detainee's Bivens and § 1983 claims about the jail's conditions were reviewed for a violation of the Constitution), cert. denied, 535 U.S. 1037 (2002).  And the Constitution does not require that places of incarceration be comfortable.  Rhodes v. Chapman, 452 U.S. 337, 349 (1981).  All that is required is for the State to furnish "its prisoners with

6

reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781 (1978);[5] see Helling v. McKinney, 509 U.S. 25, 32 (1993); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986).

Although somewhat unclear, it appears that Plaintiff was a pretrial detainee at the time of the claimed violations. (Doc. 4 at 5). Because a pretrial detainee has not been convicted, his claim arises under the Fourteenth Amendment; whereas, the Eighth Amendment protects the convicted prisoner. Hamm, 774 F.2d at 1572-73; Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). The legal standard for a violation based on conditions of confinement is the same under either amendment. Hamm, 774 F.2d at 1574. For the purpose of this recommendation, reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment.

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must satisfy an objective component and a subjective component. Farmer v.

---

[5] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7

Brennan, 511 U.S. 825, 836 (1994).  The objective component requires the Court to look to "contemporary standards of decency" to determine whether the challenged condition resulted in a deprivation of "the minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, or of a "single human need[.]" Wilson v. Seiter, 501 U.S. 294, 305 (1991); see Jordan, 38 F.3d at 1565.  Moreover, the challenged condition must be "extreme . . . [b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotation marks omitted); see Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) ("If prison conditions are merely restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.").  To be extreme the challenged prison condition must "pose[] an unreasonable risk of serious damage to the prisoner's health or safety." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).

In the present action, Plaintiff's conclusory claim of overcrowding is supported only by his own personal estimation of the percentage of overcrowding in the facility.  (Doc. 4 at 3).  This brief allegation does not permit the Court to draw the

8

conclusion that Plaintiff's constitutional rights have been violated in that it does not present an extreme condition that involves the deprivation of a "single human need" or of "the minimal civilized measure of life's necessities." Wilson, 501 U.S. at 305; Rhodes, 452 U.S. at 347. Nor does Plaintiff's claim allege an injury to Plaintiff. Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (affirming the dismissal of a claim for unpleasant temporary conditions as there was no injury, among other things). "Indeed, routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the 'amenities, conveniences, and services of a good hotel." Williams v. Berge, 102 Fed. Appx. 506, 507 (7th Cir. 2004) (citation omitted) (unpublished); see Harris, 839 F.2d at 1235-1236 ("Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement.").

Because the objective component is not plausible, the Court is foregoing a discussion on the subjective component, and finds that a conditions of confinement claim has not been stated. See Chandler, 379 F.3d at 1297 (declining to discuss the subjective component when the inmate failed to meet his burden on the objective component).

9

**B.  Remaining Claims**

Plaintiff's remaining claims are those asserted against Rochelle Harvelle.  Plaintiff claims that Rochelle Harvelle is a Baldwin County officer "over the sex offenders" and asserts that Defendant Harvelle is racist and violated Plaintiff's rights to be free.  (Doc. 4 at 4).  He further claims that there was no proof that he was not living at the address where he was released to from the Baldwin County Jail and that "[t]hey did prove me to be live any where else at all (sic). Why?"  (Id.).

This claim is not clearly pled.  Plaintiff's allegations against Defendant Harvelle are extremely vague and conclusory and do not contain sufficient factual allegations to state a constitutional claim. Liberally construing this claim, the Court finds that the complaint does not have sufficient information that would state a plausible claim. Thus, Plaintiff has failed to state a claim against Defendant Harvelle.  Further, Plaintiff made no allegations against Defendant Chris Frank.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[6]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   Fed. R. Civ. P. 72(b)(2).

11

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded).** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 16th day of May, 2012.

                                      <u>s/BERT. W. MILLING, JR.</u>
                                      UNITED STATES MAGISTRATE JUDGE